UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

MARIA G. LARRAGA
and other similarly situated individuals,

    Plaintiff(s),

v.

SMART CARE JANITORIAL, INC.,
and JEFFERSON A. RODRIGUEZ,
individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff MARIA G. LARRAGA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants SMART CARE JANITORIAL, INC and JEFFERSON A. RODRIGUEZ, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MARIA G. LARRAGA is a resident of Miami-Dade County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act. Plaintiff is a covered employee for purposes of the Act. Plaintiff's complete name is Maria Gabriela Larraga.

3. Corporate Defendant SMART CARE JANITORIAL, INC. (hereinafter SMART CARE, or Defendant) is a Florida corporation having a place of business in Dade County, Florida. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendant JEFFERSON A. RODRIGUEZ is the owner/partner and manager of Defendant Corporation SMART CARE. This individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff MARIA G. LARRAGA as a collective action to recover from Defendants unpaid regular wages, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2022, (the "material time"), without being adequately compensated.

7. Corporate Defendant is a residential and commercial janitorial company specializing in cleaning restaurants and hotels.

8. Defendants SMART CARE, and A JEFFERSON A. RODRIGUEZ employed Plaintiff MARIA G. LARRAGA as a non-exempted, full-time janitor, from approximately March 02, 2022, to May 31, 2022, or 13 weeks.

9. Plaintiff has duties as a regular janitor employee, including deep restaurant kitchen cleaning, polishing floors, cleaning carpets, windows, etc.

10. Plaintiff worked under the supervision of the owner of the business JEFFERSON A. RODRIGUEZ. Defendants provided Plaintiff with equipment and materials to perform her work.

11. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid at the minimum wage rate as required by law, and she was not paid for overtime hours either.

12. Plaintiff worked for Defendants as follows:

13. <u>1.- For the first 8 weeks.</u>- Plaintiff had a regular mandatory schedule, and she worked seven days, From Mondays to Sundays, from 10:30 PM to 10:30 AM (12 hours daily ). Plaintiff completed a minimum of 84 working hours weekly. Plaintiff was unable to take bonafide lunch periods. Plaintiff was paid an average of $587.50 per week. The wages received per week divided by the number of hours worked during the week resulted in $6.99, which is below the minimum wage established by law.

14. In this period, Plaintiff worked in excess of 40 hours. However, she was not paid for overtime hours.

15. <u>2.- For the remaining 5 weeks.</u>- Plaintiff worked a mandatory regular schedule of seven days per week from Monday to Sunday, from 11:00 PM to 7:00 AM (8 hours daily). Plaintiff completed a minimum of 56 working hours weekly. She was unable to take bonafide lunch periods. Plaintiff was paid an average of $587.50 weekly, resulting in an hourly rate of $10.49 per hour.

16. In this period, Plaintiff worked in excess of 40 hours. However, she was not paid for overtime hours.

17. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the owner of the business JEFFERSON A. RODRIGUEZ,

18. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and a half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

19. Plaintiff was paid bi-weekly with checks without pay stubs detailing the number of days and hours worked, wage rate, employee taxes withheld, etc.

20. On or about May 31, 2022, Plaintiff resigned from her position to pursue better employment opportunities.

21. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid wages based on her recollections. Plaintiff will amend her Complaint when Defendants produce time and payment records.

22. Plaintiff MARIA G. LARRAGA intends to recover minimum wages for regular hours, overtime pay for hours accumulated during her time of employment, liquidated damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to their unlawful payroll practices and procedures and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;

**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

24. Plaintiff MARIA G. LARRAGA re-adopts every factual allegation as stated in paragraphs 1-23 above as set out in full herein.

25. This cause of action is brought by Plaintiff MARIA G. LARRAGA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after March 2022, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant SMART CARE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides janitorial services to commercial clients engaged in the hospitality industry. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by providing services to clients engaged in interstate

commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

28. Defendants SMART CARE, and A JEFFERSON A. RODRIGUEZ employed Plaintiff MARIA G. LARRAGA as a non-exempted, full-time janitor, from approximately March 02, 2022, to May 31, 2022, or 13 weeks.

29. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid for overtime hours either.

30. Plaintiff worked for Defendants as follows:

31. <u>1.- For the first 8 weeks.</u>- Plaintiff had a regular mandatory schedule, and she worked seven days, From Mondays to Sundays, a minimum average of 84 hours weekly. Plaintiff was unable to take bonafide lunch periods. Plaintiff was paid an average of $587.50 per week. The wages received per week divided by the number of hours worked during the week resulted in $6.99, which is below the minimum wage established by law.

32. In this period, Plaintiff worked in excess of 40 hours. However, she was not paid for overtime hours.

33. <u>2.- For the remaining 5 weeks.</u>- Plaintiff worked a mandatory regular schedule of seven days per week from Monday to Sunday, a minimum average of 56 working hours. She was unable to take bonafide lunch periods. Plaintiff was paid an average of $587.50 weekly, resulting in an hourly rate of $10.49 per hour.

34. In this period, Plaintiff worked in excess of 40 hours. However, she was not paid for overtime hours.

35. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the owner of the business JEFFERSON A. RODRIGUEZ,

36. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

37. Plaintiff was paid bi-weekly with checks without pay stubs detailing the number of days and hours worked, wage rate, employee taxes withheld, etc.

38. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

39. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

41. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on preliminary calculations, and these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.
*Florida minimum is higher than Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. Total amount of alleged unpaid O/T wages:

      Three Thousand Two Hundred Thirty-Nine Dollars and 52/100 ($3,239.52)

  b. <u>Calculation of such wages</u>:

Total weeks of employment:  13 weeks
Total relevant weeks of employment: 13 weeks

<u>1.- Unpaid Overtime for 8 weeks/ 84 working hours weekly</u>

<u>Tot</u>al number of relevant weeks: 8 weeks
Total number of hours worked: 84 weekly average
Total O/T hours: 44 hours weekly
Paid: $587.50 weekly average:84 hours=$6.99
Regular rate:  $6.99 an hour
Fl Minimum wage 2022: $10.00 x 1.5=$15.00 O/T rate
O/T rate $15.00-$6.99 rate paid=$8.01 an hour half-time difference

Half-time O/T rate $8.01 x 44 O/T hours=$352.44 weekly x 8 weeks=$2,819.52

<u>2</u>.- <u>Unpaid Overtime for 5 weeks/ 56 working hours weekly</u>

<u>Tot</u>al number of relevant weeks: 5 weeks
Total number of hours worked: 56 weekly average
Total O/T hours: 16 hours weekly
Paid: $587.50 weekly average:56 hours=$10.49
Regular rate:  $10.49 an hour
Fl Minimum wage 2022: $10.49 x 1.5=$15.74 O/T rate
O/T rate $15.74-$10.49 rate paid=$5.25 an hour half-time difference

Half-time O/T rate $5.25 x 16 O/T hours=$84.00 weekly x 5 weeks=$420.00

Total #1 and  #2: $3,239.52

  a. <u>Nature of wages:</u>

This amount represents unpaid half-time overtime

42. At all times, material hereto, the Employer/Defendants SMART CARE and JEFFERSON A. RODRIGUEZ failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by

Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

43. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Accordingly, Plaintiff and those similarly situated are entitled to recover double damages.

44. At times mentioned, individual Defendant JEFFERSON A. RODRIGUE was the owner/partner and manager of SMART CARE. The individual Defendant JEFFERSON A. RODRIGUEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in SMART CARE's interests, concerning its employees, including Plaintiff and others similarly situated. Defendants JEFFERSON A. RODRIGUEZ had financial and operational control of the business, and he determined the terms and working conditions of Plaintiff and other similarly situated employees. Defendant JEFFERSON A. RODRIGUEZ is jointly and severally liable for Plaintiff's damages.

45. Defendants SMART CARE and JEFFERSON A. RODRIGUEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States' law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

46. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIA G. LARRAGA and those similarly situated individuals

respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MARIA G. LARRAGA and other similarly situated and against the Defendants SMART CARE and JEFFERSON A. RODRIGUEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARIA G. LARRAGA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

47. Plaintiff MARIA G. LARRAGA re-adopts every factual allegation as stated in paragraphs 1-23 of this Complaint as if set out in full herein.

48. This action is brought by Plaintiff MARIA G. LARRAGA and those similarly situated to recover from the Employer SMART CARE unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

49. Defendant SMART CARE was and is engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides janitorial services to commercial clients engaged in the hospitality industry. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce. to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

50. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

51. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

52. Defendants SMART CARE, and A JEFFERSON A. RODRIGUEZ employed Plaintiff MARIA G. LARRAGA as a non-exempted, full-time janitor, from approximately March 02, 2022, to May 31, 2022, or 13 weeks.

53. Plaintiff has duties as a regular janitor employee, including deep restaurant kitchen cleaning, polishing floors, cleaning carpets, windows, etc.

54. Plaintiff worked under the supervision of the owner of the business JEFFERSON A. RODRIGUEZ. Defendants provided Plaintiff with equipment and materials to perform her work.

55. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid at the minimum wage rate as required by law.

56. During Plaintiff's first 8 weeks of employment, she had a regular mandatory schedule, and she worked seven days, From Mondays to Sundays, from 10:30 PM to 10:30 AM (12 hours daily ). Plaintiff completed a minimum of 84 working hours weekly. Plaintiff was unable to take bonafide lunch periods. Plaintiff was paid an average of $587.50 per week. The wages received per week divided by the number of hours worked during the week resulted in $6.99, which is below the minimum wage established by law.

57. Plaintiff worked more than 40 hours every week, but she was not paid the correct minimum wage. Plaintiff was not paid the mandatory minimum wages for a substantial number of hours.

58. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the owner of the business JEFFERSON A. RODRIGUEZ,

59. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

60. Furthermore, at the time of her resignation, Defendants did not pay Plaintiff for two weeks of work retained as a security deposit, at the beginning of Plaintiff's employment.

61. Plaintiff was paid bi-weekly with checks without pay stubs detailing the number of days and hours worked, wage rate, employee taxes withheld, etc.

62. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

63. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

64. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

65. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage is higher than Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Three Thousand Seven Hundred Two Dollars and 72/100 ($3,702.72)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 13 weeks

        <u>Total number of relevant weeks</u>: 8 weeks
        Total number of hours worked: 84 hours weekly average
        Regular rate: $6.99 an hour
        Fl Minimum wage 2022: $10.00- $6.99 rate paid= $3.01 Min. wage difference

        1.- Min. wage difference $3.01 x 84 hours=$252.84 weekly x 8 weeks=$2,022.72

        2.- Minimum wages for 2 weeks (retained as security deposit)
           FL Min. wage $10.00 x 84 hours=$840.00 weekly x 2 weeks=$1,680.00

        Total #1 and #2: $3,702.72

   c. <u>Nature of wages:</u>

        This amount represents unpaid minimum wages at the Florida minimum wage rate.

66. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants, and Plaintiff and those similarly situated are entitled to recover double damages.

67. At times mentioned, individual Defendant JEFFERSON A. RODRIGUEZ was the owner/partner and manager of SMART CARE. The individual Defendant JEFFERSON A. RODRIGUEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in SMART CARE's interests, concerning its employees, including Plaintiff and others similarly situated. Defendants JEFFERSON A. RODRIGUEZ had financial and operational control of the business, and he determined the terms and working conditions of Plaintiff and other similarly situated employees.

Defendant JEFFERSON A. RODRIGUEZ is jointly and severally liable for Plaintiff's damages.

68. Defendants SMART CARE and JEFFERSON A. RODRIGUEZ willfully and intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

69. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIA G. LARRAGA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MARIA G. LARRAGA and against the Defendants SMART CARE and JEFFERSON A. RODRIGUEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARIA G. LARRAGA, and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  July 31, 2022,

           Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*